James M. Smedley, 03613-2008
James M. Smedley, LLC
James.Smedley@sigmalawgroup.com
776 Mountain Blvd STE 105
Watchung, NJ    07069
Telephone 732.481.0587
Facsimile 732.490.6616

Attorneys for Plaintiff
Printed Party, LLC

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PRINTED PARTY, LLC<br><br>                    Plaintiff,<br><br>        vs.<br><br>PARTYPOP USA, LLC; and JASON TIMMERMAN,<br><br><br><br>                    *Defendants.* | **CASE NUMBER**<br><br><br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT** |

Printed Party ("Plaintiff"), for its claims against PartyPop USA, LLC and Jason Timmerman

("Defendants"), alleges as follows.

### I. NATURE AND SUBSTANCE OF THE ACTION

1.      Plaintiff files this action against Defendants for copyright infringement under the

United States Copyright Act ("DMCA") (17 U.S.C. § 501 et seq.).

## II. JURISDICTION AND VENUE

2.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs because the Plaintiff is asking for general damages in the amount exceeding $75,000 and the declaratory relief sought by Plaintiff from Defendants is valued at more than the sum of $75,000, exclusive of interests and costs.

3.      The jurisdiction of this Court over the subject matter of this action is also predicated upon 28 U.S.C. § 1338(a) as a federal question arising under the Copyright Act (17 U.S.C. §§ 101 et. seq.). As set forth in greater detail below, this action involves the unauthorized acquisition, copying, transfer, and sale of Plaintiff's copyrighted work by Defendants.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants: (i) are residents of the state of New Jersey; (ii) have regular and established places of business in this district; and (iii) transact business within this district and offer for sale in this district products that infringe Plaintiff's copyrights.  In addition, venue is proper because Plaintiff suffered, and continues to suffer, harm in this district.

## III. THE PARTIES

5.      Plaintiff, Printed Party, LLC, is a Pennsylvania limited liability company, having a company office at 590 Centerville Road, Lancaster, PA 17601.

6.      Plaintiff is informed and believes and thereupon alleges that Defendant, PartyPop USA, LLC, is a New Jersey limited liability company, with a registered office located at 86 Bristlecone Dr., Howell, NJ 07731.

7.      Plaintiff is informed and believes and thereupon alleges that Defendant, Jason Timmerman, who is also listed as the registered agent for Defendant PartyPop USA, LLC, is an individual residing at 297 Tulip Ln., Freehold, NJ 07728.

## IV. FACTS COMMON TO ALL CLAIMS

8.      Plaintiff develops, distributes and offers for sale high-quality greeting cards and stationary. These greeting cards and stationary are sold via distribution channels throughout the United States through online distributors such as AMAZON and EBAY.

9.      Plaintiff has allocated considerable resources and has dedicated significant effort in developing its brand and intellectual property. As part of its efforts to develop its company and brand, Plaintiff has expended significant resources in establishing and promoting its brand identity by means of various intellectual property endeavors. For example, Plaintiff has secured rights in its doing-business-as name, **PRINTED PARTY** (Registration No. 5284501) which serves as the identifier for various stationary and greeting cards offered for sale by Plaintiff.

10.      In order to protect its business from competition, Plaintiff has filed for a copyright for the design of Plaintiff's deck of cards (the "Dare Cards") and a promotional photo of the "Dare Cards" (the "Promotional Photo") so that such image and design are strongly and immediately identifiable and distinguish Plaintiff's "Dare Cards" from other competitors. **See Exhibit A**. Plaintiff's Promotional Photo and design of the "Dare Cards" were created with a meticulous attention to detail, such that Plaintiff's "Dare Cards" and their Promotional Photo can be instantly recognizable as offerings by Plaintiff. Such images and designs of the "Dare Cards" are for the sole use of Plaintiff, and Plaintiff utilizes these images in its offering of its products through its product listings on e-commerce websites.

11.     Plaintiff created the Promotional Photo of Plaintiff's "Dare Cards" on or around March 2016, and started selling the "Dare Cards" product on or around April, 2016. Plaintiff filed for copyright registration for the "Dare Cards" on September 27, 2018 (Case No. 1-6989574551).

12.     Plaintiff recently discovered that Defendants have been using, distributing, and selling Plaintiff's "Dare Cards" using Plaintiff's Promotional Photo. Since Plaintiff did not authorize any use of the "Dare Cards" design or the Promotional Photo, Defendants' use of Plaintiff's creative works constitutes infringement thereof.

13.     Despite Plaintiff's notice of infringement and request for Defendants to cease the above activities, Defendants continue to infringe on Plaintiff's intellectual property rights in the "Dare Cards" and the Promotional Photo.

## V. FIRST CAUSE OF ACTION

### Copyright Infringement under 17 U.S.C. §501

14.      Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as if fully set forth herein.

15.      Plaintiff's "Dare Cards" and Promotional Photo were created by or on behalf of the Plaintiff. Such images and designs were reproduced identically and marketed in conjunction with Defendants' unlawful and impermissible use of Plaintiff's work.

16.     Defendants' actions in connection with the use, copying, reproduction and publication of Plaintiff's Promotional Photo and "Dare Cards" were unauthorized and unlawful actions that constitute a reproduction, counterfeit, copy, or colorable imitation of the "Dare Cards" and Promotional Photo. By committing the acts alleged herein, Defendants have intentionally, knowingly, and willfully infringed Plaintiff's copyright in the Promotional Photo and "Dare Cards" in violation of 17 U.S.C. §501.

17.     Plaintiff has suffered harm for which there is not an adequate remedy at law, unless Defendants are permanently enjoined by this Court from using the Promotional Photo and the "Dare Cards".

18.     As a direct and proximate result of Defendants' infringing acts, Plaintiff has suffered damages in the amount that will be established at trial.

## VI. SECOND CAUSE OF ACTION

### Unfair Competition under N.J.S.A. §56:4-1 et seq.

19.     Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as if fully set forth herein.

20.     Defendants simulated Plaintiff's Promotional Photo and "Dare Cards" and substituted Defendants' products for those of Plaintiff, thereby deceiving and misleading the public.

21.     The actions of the Defendants' in connection with the misuse of Plaintiff's "Dare Cards" and Promotional Photo constitute unfair competition as a matter of New Jersey common law.

22.     As a result of Defendants' actions, Plaintiff has suffered damage to its reputation and loss of business due to Defendants' unfair practices.

23.     By reason of Defendants' actions, Plaintiff has suffered irreparable harm for which there is not an adequate remedy at law, unless Defendants are permanently enjoined by this Court from using the "Dare Cards" and Promotional Photo.

24.     As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered damages in an amount that will be established at trial.

## VII. THIRD CAUSE OF ACTION

### Unjust Enrichment

25.     Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as if fully set forth herein.

26.     The acts complained of above constitute Defendants' unjust enrichment at Plaintiff's expense, in violation of the common law of the State of New Jersey.

## VIII. PRAYER OF RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in its favor against Defendants as follows:

a.     Finding that Defendants' unauthorized use, reproduction, and copying of the Promotional Photo and the "Dare Cards" infringe Plaintiff's intellectual property rights.

b.     Preliminarily and permanently enjoining Defendants, their successors, officers, agents, and employees, and anyone acting in concert with or acting at the direction of any of them from, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 17 U.S.C. § 502, and N.J.S.A. § 56:4-2:

      (1) Using, reproducing, copying, publishing the "Dare Cards" or any derivative work in connection with the promotion, advertising or sale of the Defendants' goods and services;

      (2) Using, reproducing, copying, publishing the Promotional Photo or any derivative work in connection with the promotion, advertising or sale of the Defendants' goods and services;

(3) Conspiring, aiding, or abetting, any other person or entity from performing any of

the activities referred to in subparagraph (1)-(2) above.

c.      Ordering that all labels, signage, prints, advertisements, accessories, and any other

materials in Defendants' possession or control that depict or make reference to the "Dare Cards"

or the Promotional Photo, including any imitations thereof be destroyed, and the "Dare Cards",

Promotional Photo and any imitations thereof be removed from all internet websites, online

advertising; marketing, searching engines, or other online materials pursuant to 17 U.S.C. § 503;

d.      Ordering any such other relief as the Court may deem appropriate to prevent the

trade and public from deriving the erroneous impression that any service or product manufactured,

sold, or otherwise circulated or promoted by Defendants is authorized by Plaintiff or related in any

way to Plaintiff's products or services.

e.      Ordering Defendants to file with Court and serve on Plaintiff, within 30 days after

the entry and service of this injunction, a written report, sworn under oath, setting the forth the

manner and form in which Defendants have complied with the injunction.

f.      Assessing and awarding Plaintiff its attorneys' fees and costs incurred in this action

against Defendants pursuant 17 U.S.C. § 504 and New Jersey law; and

g.      Ordering or awarding any other relief that the Court deems just and proper.


**JAMES M SMEDLEY LLC**
A Limited Liability Company
Attorneys for Plaintiff, Printed Party, LLC

Respectfully submitted,

By:    /S/ James M. Smedley
james.smedley@sigmalawgroup.com
James M. Smedley, Esq.

Dated: October 24, 2018


Plaintiff's Original Complaint

# EXHIBIT A

